UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CRIMINAL ACTION NO. 5:21-CR-065-DCR**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**V.**                  **SENTENCING MEMORANDUM**

**CHRISTOPHER A MAREK**                                         **DEFENDANT**

\* \* \* \* \*

In advance of the sentencing of Defendant Christopher A. Marek, the United States submits the following sentencing memorandum. When imposing a sentence, the Court must select a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [section 3553(a)]." 18 U.S.C. § 3553(a). As this Court is quite familiar with the sentencing factors found in § 3553(a), the United States will not list or expound upon them here.

## I. BACKGROUND

The Presentence Investigation Report (PSR) outlines Defendant Marek's criminal actions in significant detail. [Marek PSR at ¶¶ 7-12.] For a period of at least five years, the Defendant vastly underreported his income from Central Kentucky Plastic Surgery (CKPS) – a medical practice he owns and operates in Danville, Kentucky. On his 2018 IRS 1040 Form – the subject of Count 5 of the indictment – Marek failed to report more than $887,000 he received in the form of patient and insurance company payments. [DE

23: Marek Plea Agreement, at Page ID 75]   This action resulted in a <u>negative</u> Adjusted Gross Income (AGI) of more than $400,000 on his tax return that year.   Marek took these actions while deliberately avoiding reputable tax advice.   Indeed, at one point in 2018, he even pursued a frivolous *pro se* motion to quash an IRS summons for his bank records. *See Marek v. United States*, No. 5:18-cv-367 (E.D. Ky. May 23, 2018).[1]   On June 3, 2021, a grand jury indicted Marek on five counts of tax evasion and five counts related to filing false tax returns in violation of 26 U.SC. §§ 7201, 7206(1) and 7206(2). [DE 1]   Marek ultimately pled guilty to a single tax evasion count on January 25, 2022, accepting responsibility for his actions. [DE 22.]

## II.   SENTENCING FACTORS ANALYSIS

The United States asserts that the main § 3553 factors at issue in the instant case are the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law," and "to afford adequate deterrence" to others who might consider flouting the tax laws of the United States. 18 U.S.C. § 3553(a)(2).

**A.   Seriousness of the Offense**

The United States tax system depends in large measure on honest compliance with IRS regulations and tax form instructions.   This is especially true for those individuals who own and operate their own business, as did Marek.   In this instance, Marek's crimes were far more serious than underreporting a small amount of income or claiming an

---

[1] The PSR also references a letter Marek sent to the IRS making the nonsensical claim that "services" provided "in [his] private capacity" were not taxable because he had not engaged in a "trade or business." Marek PSR at para. 10.

undeserved deduction – his actions constituted a full revolt against the authority of the IRS.  While, in a given year, Marek earned approximately ten times the median U.S. household income, he paid comparatively little in income taxes, due to his substantial underreporting.  In 2017, for example, due to underreporting approximately $320,000 in income, he paid $0 in federal income tax.  Acting in this manner – which necessitated a full IRS investigation and this prosecution – is a serious offense that must be punished accordingly.

### B. Respect for the Law

Defendant Marek is a highly educated person.  He graduated, with honors, from the College of William and Mary and later graduated with a medical doctorate degree from the University of Virginia.  Every year when he filed his tax returns, Marek had the opportunity to "come clean," by following IRS 1040 instructions and regulations or seeking reputable tax advice to do the same.  He never did that.  Marek's plastic surgery practice is located on Main Street in downtown Danville.  A quick online search reveals that no fewer than five Certified Public Accounting (CPA) firms are located within a few blocks of his location.  Marek's conduct was not related to any difficulty in filing his taxes, it was due to a deliberate lack of respect for the tax laws of the United States.  The sentence fashioned by the Court should take notice of the fact that Marek had repeated opportunities to end his tax evasion scheme, but due in part to his lack of respect for the law, he persisted.

### C. Establishing Deterrence

As mentioned above, one of the main § 3553 factors for this Court to consider is the need to establish deterrence for those who might consider similar actions against U.S. tax law. Not surprisingly, the IRS does not audit every taxpayer every year. Instead, the structure of the U.S. tax system – especially for business owners – begins with truthful reporting of income and expenses. Because violations of required truthful reporting are often not easily discovered, they must be adequately deterred. In the case of Defendant Marek, that means a significant—guidelines range—term of incarceration. A non-custodial sentence – even one with a heavy financial penalty or home detention – would send the wrong message about compliance with U.S. tax laws. *See, e.g., United States v. Davis*, 537 F.3d 611, 617 (6th Cir. 2008) ("One of the central reasons for creating the sentencing guidelines was to ensure stiffer penalties for white-collar crimes and to eliminate disparities between white-collar sentences and sentences for other crimes.").

## III. CONCLUSION AND RECOMMENDATION

In this case, the United States submits that a sentence for Defendant Marek in the middle of the guideline range of 18 to 24 months imprisonment will satisfy all the § 3553 factors. The United States contends that a non-custodial sentence or one in which the Defendant is required to serve only a very short term would not establish sufficient deterrence for others nor reflect the seriousness of this offense.

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By: */s/ Will Moynahan*
William P. Moynahan
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, KY 40507
(859) 685-4846
william.moynahan2@usdoj.gov

## CERTIFICATE OF SERVICE

On May 17, 2022, I electronically filed the foregoing using the CM/ECF system, which provides notice to counsel of record.

/s/ William P. Moynahan
Assistant United States Attorney